IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JACK P. MOORE, )
 )
        Petitioner, )
 )
   v. ) 1:14CV475
 )
HARKLEROAD, )
 )
        Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a document entitled "Motion to Refile Habeas Corpus Petition" [Doc. #1] in which he expresses dissatisfaction at how the United States District Courts for the Eastern and Western Districts of North Carolina handled his prior habeas petitions. He seeks to file a new habeas petition in this Court. Even though Petitioner has not used the correct forms for a habeas corpus petition under 28 U.S.C. § 2254, the Court treated his submission as such a petition because it appears that Petitioner seeks to attack his state court criminal conviction. Nevertheless, for the following reasons, the Petition cannot be further processed.

    1.    The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

    2.    Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with

the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1]

The Court notes that it appears that Petitioner is presently in custody in Scotland County, North Carolina, in the Middle District of North Carolina, but that he was convicted and sentenced in the Superior Court of Buncombe County, within the territorial jurisdiction of the United States District Court for the Western District of North Carolina. Under 28 U.S.C. § 2241(d), "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497(1973). However, the Court may, in the exercise of its discretion and in furtherance of justice, transfer the § 2254 Petition to the "district court for the district within which the State court was held which convicted and sentenced" Petitioner. 28 U.S.C. § 2241(d); see also 28 U.S.C. § 1406(a). In accordance

---

[1] If Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance. Finally, it may also be that Petitioner already had a habeas petition decided on its merits as to the conviction he challenges. If so, he must seek permission from the Fourth Circuit to file a new petition.

with the Joint Order of the United States District Courts for the Eastern, Middle, and Western Districts of North Carolina, a § 2254 Petition filed in this District challenging this conviction or sentence would be transferred to the United States District Court for the Western District of North Carolina. Petitioner should seek the proper forms from the Clerk of that district and file a habeas petition in the appropriate district. The address for the Clerk is: Room 210, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202. If Plaintiff instead files a § 2254 Petition in this District, he should address whether the case should be transferred to the Western District of North Carolina. The fact that he is unhappy with the Western District's handling of a prior petition, as set out in his current filings, will not prevent transfer.

Petitioner also submitted a "Motion to Stay any transfer of Petition" [Doc. #2] in which he asks the Court not to transfer this matter to another district. The recommendation that the case be dismissed moots this motion and it will be denied as such. Nevertheless, as noted above, any refiling in this District would likely be transferred to the Western District.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Petitioner's "Motion to Stay any transfer of Petition" [Doc. #2] is denied for being moot.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 12th day of June, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge